Michael J. Estok, OSB #090748
Email: mestok@lindsayhart.com
LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Telephone: (503) 226-7677
Facsimile: (503) 226-7697

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs*

FILED'10 10 20 16:02 USDC-ORP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
AT PORTLAND

| | |
|---|---|
| TYSON KOSKI, KEVIN RICKEY and JOHN SCHLICHENMAYER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCE TELECOM, LLC, a Delaware limited liability company, f/k/a PRINCE TELECOM, INC.,<br><br>Defendant. | NO. CV '10 - 1307 MO<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION AND DEMAND FOR JURY TRIAL**<br><br><u>CLASS ACTION ALLEGATION</u> |

Plaintiffs, by their undersigned attorneys, for their class action complaint against Defendant allege as follows:

## I. INTRODUCTION

1.1   <u>Nature of Action</u>.  Plaintiffs Tyson Koski, Kevin Rickey and John Schlichenmayer ("Plaintiffs") bring this action against Defendant Prince Telecom, LLC, formerly known as Prince Telecom, Inc. ("Defendant"), for engaging in a systematic scheme of wage and hour abuse against non-managerial installation technicians in the State of Oregon.

CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION
AND DEMAND FOR JURY TRIAL - 1

36630

This scheme has involved, among other things, failing to pay non-managerial installation technicians for all hours worked, including overtime, and making improper deductions from the wages of the technicians.

## II. JURISDICTION AND VENUE

2.1     Subject-Matter Jurisdiction. This Court has original jurisdiction over the Fair Labor Standards Act ("FLSA") claims asserted in the action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The state law claims are so related to the FLSA claims that they form part of the same case or controversy.

2.2     Personal Jurisdiction. This Court also has personal jurisdiction over Defendant. Defendant regularly conducts business and employs workers in Oregon State. Thus, Defendant has obtained the benefits of the laws of Oregon as well as Oregon's commercial and labor markets.

2.3     Venue. Venue for this cause is proper in this Court pursuant to and in accordance with 28 U.S.C. § 1391.

2.4     Governing Law. The claims of Plaintiffs and the Class members asserted in this class action complaint are brought pursuant to the federal Fair Standards Act and Oregon law. The claims of Plaintiffs and the Class members are individual claims and do not unite or enforce a single title or right to which Plaintiffs and the Class have a common and undivided interest.

## III. PARTIES

3.1     Plaintiff Tyson Koski. Plaintiff Koski worked for Defendant as a non-managerial installation technician in Oregon State from approximately October 2004 to February 2010. During that time, Defendant failed to pay Plaintiff Koski for all of the time that he worked, including overtime, and wrongfully deducted expenses from his wages.

3.2     Plaintiff Kevin Rickey. Plaintiff Kevin Rickey worked for Defendant as a non-

CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION
AND DEMAND FOR JURY TRIAL - 2

managerial installation technician in Oregon State from approximately June 2004 to December 2009. During that time, Defendant failed to pay Plaintiff Rickey for all of the time that he worked, including overtime, and wrongfully deducted expenses from his wages.

3.3     <u>Plaintiff John Schlichenmayer</u>. Plaintiff John Schlichenmayer worked for Defendant as a non-managerial installation technician in Oregon State from approximately August 2006 to November 2009. During that time, Defendant failed to pay Plaintiff Schlichenmayer for all of the time that he worked, including overtime, and wrongfully deducted expenses from his wages.

3.4     <u>Defendant Prince Telecom, LLC, formerly known as Prince Telecom, Inc.</u> Prince Telecom, LLC, formerly known as Prince Telecom, Inc., is a Delaware limited liability company with its headquarters in New Castle, Delaware. Prince Telecom, LLC is the successor in interest to Prince Telecom, Inc. and Prince Telecom Holdings, Inc. The actions of Defendant as alleged in this complaint include the relevant actions of Prince Telecom, Inc. and Prince Telecom Holdings, Inc. Prince Telecom, LLC has several offices in Oregon and conducts business throughout the State, including Multnomah County. Prince Telecom, LLC employs hundreds of non-managerial installation technicians in Oregon State.

## IV. CLASS ACTION ALLEGATIONS

4.1     <u>Class Definition</u>: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs brings this case as a class action on behalf of a Class defined as follows:

> All current and former employees of Defendant who worked as non-managerial installation technicians in the state of Oregon at any time from July 1, 2004 through the date of final disposition of this action.

4.2     Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.3     <u>Numerosity</u>. Plaintiffs believe there are hundreds of current and former non-

managerial installation technicians composing the Class. The members of the Class are so numerous that joinder of all members is impracticable. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

  4.4 <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiffs and Class members. These questions include, but are not limited to, the following:

    a. Whether Defendant has engaged in a common course of failing to compensate non-managerial installation technicians for all hours worked, including overtime;

    b. Whether Defendant has engaged in a common course of requiring or permitting non-managerial installation technicians to work off the clock without compensation;

    c. Whether Defendant has engaged in a common course of requiring or permitting non-managerial installation technicians not to report all hours worked;

    d. Whether Defendant has engaged in a common course of failing to maintain true and accurate time records for all hours worked by non-managerial installation technicians;

    e. Whether Defendant has engaged in a common course of altering the time records of non-managerial installation technicians;

    f. Whether Defendant has engaged in a common course of making unlawful deductions from the wages of non-managerial installation technicians;

    g. Whether Defendant has violated OAR 839-020-0030;

    h. Whether Defendant has violated ORS 652.610;

    i. Whether Defendant has violated ORS 652.140;

    j. Whether Defendant has violated ORS 652.150;

    k. Whether Defendant has violated 29 U.S.C. § 206;

    l. Whether Defendant has violated 29 U.S.C. § 207;

    m. Whether Plaintiffs are entitled to liquidated damages pursuant to 29 U.S.C. § 216(b); and

    n. The nature and extent of Class-wide injury and the measure of compensation for such injury.

  4.5 <u>Typicality</u>. The claims of the representative Plaintiffs are typical of the claims of the Class. The Plaintiffs worked for Defendant as non-managerial installation technicians and are members of the proposed Class. Plaintiffs' claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

  4.6 <u>Adequacy</u>. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment law. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

  4.7 <u>Predominance</u>. Defendant has engaged in a common course of wage and hour abuse toward Plaintiffs and members of the Class. The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

  4.8 <u>Superiority</u>. Plaintiffs and Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. Plaintiffs and their counsel are unaware of any litigation that has already been commenced concerning Defendant's wage and hour abuses in Oregon. Litigation of the claims should occur in this Court as all claims are

brought under Oregon law. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

### V. SUMMARY OF FACTUAL ALLEGATIONS

5.1     <u>Common Course of Conduct</u>. Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against non-managerial installation technicians in the state of Oregon.

5.2     <u>Overtime</u>. Defendant's common course of wage and hour abuse includes routinely failing to record and compensate non-managerial installation technicians for all hours worked. In particular, Defendant has required or permitted non-managerial installation technicians to record fewer hours than they actually worked in order to avoid paying overtime premiums. Defendant has had actual or constructive knowledge of the fact that non-managerial installation technicians are not being compensated for all hours worked, including overtime hours.

5.3     <u>Off-the-Clock Work</u>. Defendant's common course of wage and hour abuse includes routinely failing to compensate non-managerial installation technicians for off-the-clock work. For example, Defendant regularly fails to provide non-managerial installation technicians with meal periods, yet Defendant requires or permits the technicians to deduct meal time from their records of hours worked. Defendant also requires or permits non-managerial installation technicians to do other work off the clock, such as completing paperwork and forms and calling customers. As a result of this off-the-clock work, Defendant's non-managerial installation technicians are deprived of wages, including overtime wages. Defendant has had actual or constructive knowledge of the fact that non-managerial installation technicians are not being compensated for off-the-clock work.

5.4     <u>Wage Deductions</u>. Defendant's common course of wage and hour abuse includes routinely making improper deductions from the wages of non-managerial installation technicians. This includes but is not necessarily limited to the following: deductions for the

purchase of tools and equipment that are required or necessary to perform the job; deductions for loss or damage of tools and equipment that are required or necessary to perform the job; and deductions for cell phones that are required or necessary to perform the job. In addition, Defendant requires non-managerial installation technicians to pay for the fuel necessary to transport company vehicles to and from job sites. These fuel expenses are incurred in the furtherance of Defendant's interest because transportation to and from job sites is incident of and necessary to the technicians' employment. Defendant fails to fully reimburse the non-managerial installation technicians for those fuel expenses and as a result, the unreimbursed out-of-pocket expenses are essentially deducted from the wages of the technicians. Defendant derives a financial profit or benefit from all of these deductions. Defendant has had actual or constructive knowledge of the fact that these deductions are being taken from the wages of non-managerial installation technicians.

## VI. FIRST CLAIM FOR RELIEF
### (Violations of OAR 839-020-0030 — Failure to Pay Overtime)

6.1  Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2  ORS 653.261 provides that "[t]he Commissioner of the Bureau of Labor and Industries may issue rules prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employees. Such rules may include, but are not limited to . . . maximum hours of work, but not less than eight hours per day or 40 hours per week; however, after 40 hours of work in one week overtime may be paid, but in no case at a rate higher than one and one-half times the regular rate of pay of such employees when computed without benefit of commissions, overrides, spiffs and similar benefits."

6.3  OAR 839-020-0030 provides that "all work performed in excess of forty (40) hours per week must be paid at the rate of not less than one and one-half times the regular rate

CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION
AND DEMAND FOR JURY TRIAL - 7

of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips, or similar benefits pursuant to ORS 653.261(1)."

6.4     By the actions alleged above, Defendant has violated the provisions of OAR 839-020-0030.

6.5     As a result of the unlawful acts of Defendant, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to ORS 653.055, Plaintiffs and the Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs and civil penalties.

## VII. SECOND CLAIM FOR RELIEF
### (Violations of ORS 652.610 — Wrongful Wage Deductions)

7.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2     Pursuant to ORS 652.610, an employer may not make deductions from an employee's wages except in limited circumstances.

7.3     By the actions alleged above, Defendant has made wrongful deductions from the wages of Plaintiffs and Class members, and Defendant has derived financial benefits from those deductions.

7.4     As a result of Defendant's unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to ORS 652.615 and ORS 652.150, Plaintiffs and Class members are entitled to recovery of such actual damages or statutory damages, whichever is greater, including interest thereon, as well as attorneys' fees and costs.

## VIII. THIRD CLAIM FOR RELIEF
### (Violations of ORS 652.140 — Failure to Pay Wages Owed at Termination)

8.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2     ORS 652.140(1) provides that "[w]hen an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination."

8.3     ORS 652.140(2)(a) provides that "[w]hen an employee who does not have a contract for a definite period quits employment, all wages earned and unpaid at the time of quitting become due and payable immediately if the employee has given to the employer not less than 48 hours' notice, excluding Saturdays, Sundays and holidays, of intention to quit employment."

8.4     ORS 652.140(2)(b) provides that "[e]xcept as provided in paragraph (c) of [ORS 652.140(2)], if the employee has not given to the employer the notice described in paragraph (a) of [ORS 652.140(2)], the wages become due and payable within five days, excluding Saturdays, Sundays and holidays, after the employee has quit, or at the next regularly scheduled payday after the employee has quit, whichever event first occurs."

8.5     ORS 652.140(2)(c) provides that "[i]f the employee has not given to the employer the notice described in paragraph (a) of [ORS 652.140(2)] and if the employee is regularly required to submit time records to the employer to enable the employer to determine the wages due the employee, within five days after the employee has quit the employer shall pay the employee the wages the employer estimates are due and payable. Within five days after the employee has submitted the time records, all wages earned and unpaid become due and payable."

8.6     By the actions alleged above, Defendant has violated the provisions of ORS 652.140.

8.7     As a result of Defendant's unlawful acts, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to ORS 652.200, Plaintiffs and Class members are entitled to recovery of such damages, including interest

thereon, as well as attorneys' fees and costs.

## IX. FOURTH CLAIM FOR RELIEF
(Violation of ORS 652.150 —
Willful Refusal to Pay Wages)

9.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2     ORS 652.150 provides that any employee who "willfully fails to pay wages or compensation to any employee whose employment ceases, as provided in ORS 652.140 and 652.145, then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefore is commenced."

9.3     Violations of OAR 839-020-0030 constitute violations of ORS 652.150.

9.4     Violations of ORS 652.610 constitute violations of ORS 652.150.

9.5     Violations of ORS 652.140 constitute violations of ORS 652.150.

9.6     By the actions alleged above, Defendant has violated the provisions of ORS 652.150.

9.7     Plaintiffs have provided Defendant with written notice of nonpayment.

9.8     As a result of the willful, unlawful acts of Defendant, Plaintiffs and the Class have been deprived of compensation in amounts to be determined at trial and pursuant to ORS 652.150, Plaintiffs and the Class are entitled to recovery of such actual damages plus statutory penalties.

## X. FIFTH CLAIM FOR RELIEF
(Violation of the FLSA, 29 U.S.C. §§ 201–19,
Failure to Pay Minimum Wage and Overtime)

10.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2    Federal wage and hour law requires that employers pay their employees minimum wages for every hour worked and overtime pay wages when employees work more

than forty hours in a week.

10.3    By failing to pay their employees minimum wages for every hour worked and failing to pay overtime, based on the actions alleged above, Defendant violated the FLSA.

10.4    Defendant's violation of the FLSA was willful because Defendant knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.

10.5    As a result of Defendant's wrongful acts, Plaintiff and the proposed Class have been deprived of their overtime wages in amounts to be determined at trial, and pursuant to 29 U.S.C. § 216(b) are entitled to recovery of liquidated damages of twice such amounts, including interest thereon, attorneys' fees, and costs.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for judgment against Defendant as follows:

A.    Certification of the proposed plaintiff Class;

B.    A declaration that Defendant is financially responsible for notifying all Class members of its wage and hour violations;

C.    Appoint Plaintiff Koski, Plaintiff Rickey and Plaintiff Schlichenmayer as representatives of the Class;

D.    Appoint the undersigned counsel as counsel for the Class;

E.    Declare that Defendant's actions complained of herein violate OAR 839-020-0030, ORS 652.610, ORS 652.140, ORS 652.150, 29 U.S.C. § 206 and 29 U.S.C. § 207;

F.    Enjoin Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in the unlawful and wrongful conduct set forth herein;

G.    Award Plaintiffs and the Class compensatory damages and statutory damages and penalties, as allowed by law;

H.    Award Plaintiffs and the Class attorneys' fees and costs, as allowed by law;

I.  Award Plaintiffs and the Class prejudgment and post-judgment interest, as provided by law; and

J.  Grant such other and further relief as the Court deems necessary, just, and proper.

## XII. JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED this 20th day of October, 2010.

LINDSAY, HART, NEIL & WEIGLER, LLP

By: _____
Michael J. Estok, OSB #090748
Email: mestok@lindsayhart.com
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Telephone: (503) 226-7677
Facsimile: (503) 226-7697

Matthew J. Zuchetto, *Pro Hac Vice Application Forthcoming*
Email: matthewzuchetto@mac.com
THE SCOTT LAW GROUP, PS
926 West Sprague Avenue, Suite 680
Spokane, Washington 99201
Telephone: (509) 455-3966
Facsimile: (509) 455-3906

Jennifer R. Murray, OSB #100389, *District of Oregon Attorney Admission Application Forthcoming*
Email: jmurray@tmdlegal.com
Toby J. Marshall, *Pro Hac Vice Application Forthcoming*
Email: tmarshall@tmdlegal.com
TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiffs*