Jennifer R. Murray, OSB #100389,
Email: jmurray@tmdlegal.com
Toby J. Marshall, *Admitted Pro Hac Vice*
Email: tmarshall@tmdlegal.com
3600 Fremont Avenue North
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
AT PORTLAND

| | |
|---|---|
| TYSON KOSKI, KEVIN RICKEY and JOHN SCHLICHENMAYER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCE TELECOM, LLC, a Delaware limited liability company, f/k/a PRINCE TELECOM, INC.,<br><br>Defendant. | NO. CV 10-1307 MO<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING ISSUANCE OF CLASS NOTICE, AND SCHEDULING FAIRNESS HEARING<br><br>CLASS ACTION ALLEGATION |

WHEREAS, the parties have applied for an order preliminarily approving the settlement of this action as stated in the Stipulation of Settlement on file with the Court, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of this class action and for dismissal of the action with prejudice upon the terms and conditions set forth therein;

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT,
DIRECTING ISSUANCE OF CLASS NOTICE, AND SCHEDULING
FAIRNESS HEARING - 1
CASE NO. CV 10-1307 MO

WHEREAS, the Court has read and considered the Stipulation of Settlement, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the settlement and is fully advised;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise provided herein, all capitalized terms in this order shall have the same meaning as set forth in the Stipulation of Settlement previously filed with this Court.

2. For purposes of settlement, the Court certifies this case as a class action under Rule 23 and a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). The Court likewise certifies the following Settlement Class for all claims: "All current and former employees of Prince Telecom who have worked as installation technicians in the State of Oregon from July 1, 2004 through [~~enter the date of preliminary approval~~] December 16, 2010."

3. The Court appoints as Settlement Class Counsel the law firms of Terrell Marshall & Daudt PLLC and The Scott Law Group, P.S.

4. The Court preliminarily approves the Stipulation of Settlement and the terms set forth therein—including the relief afforded the Settlement Class, the enhancement awards to the Class Representatives, and the payment of attorneys' fees and costs to Class Counsel (including costs for notice and claims administration)—as being fair, reasonable and adequate. The proposed apportionment of the settlement payments to Settlement Class members based on the various claims alleged in the Complaint is also fair, reasonable and adequate, including providing Settlement Class members double credit on the overtime claim for weeks worked from July 1, 2008 to July 1, 2009 relative to weeks worked from July 1, 2009 to the date of preliminary approval. This apportionment is justified based on Prince Telecom instituting significant changes to its wage and hour/overtime pay compliance program so as to ensure that employees are compensated for all time worked, including: (1) conducting extensive training and testing of all employees, supervisors and managers regarding the necessity of accurately recording all time worked, including meal and rest breaks; (2) setting up a telephone and

internet-based Ethics Hotline for employees to report any issues with respect to their employment, including any wage and hours issues and supplying employees with wallet cards that contained the Ethics Hotline details; (3) placing posters with the Ethics Hotline details in every field locations for employees; (4) instructing employees verbally and in writing to come forward with any concerns regarding wage and hour issues and supplying employees with such written instructions each week; (5) reminding employees of the importance of accurately recording all time worked in weekly meetings; and (6) eliminating all deductions for employees.

5. The Stipulation of Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

6. For purposes of determining whether the settlement should be finally approved, a fairness hearing shall be held on April 1, 2011, 2011, at 11:00 .m. in the courtroom of the Honorable Michael Mosman at the United States Courthouse located at 1000 Southwest Third Avenue, Portland, Oregon, 97204. The Court will hear arguments concerning whether the proposed settlement on the terms and conditions provided for in the Stipulation of Settlement should be granted final approval by the Court as fair, reasonable and adequate.

7. The Court approves, as to form and content, the Notice of Proposed Class Action Settlement and Claim Form (the "Notice Packet") attached to the Stipulation of Settlement as Exhibits A and B. In addition, the Court finds that distribution of the Notice Packet substantially in the manner set forth in Paragraph 8 of this order will meet the requirements of due process and applicable law, will provide the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all individuals entitled thereto.

8. The procedure for distributing the Notice Packet shall be as follows:

(a) Within fifteen (15) calendar days of the signing of the entry of this Order or January 15, 2011, whichever is later, Prince Telecom shall produce a list to Plaintiffs' counsel that contains the names, social security numbers, last known addresses, dates of employment, and deduction amounts for every potential member of the Settlement Class. In conformance with Section 14(c) in the Stipulation of Settlement, Plaintiffs' counsel shall then determine the estimated minimum gross awards to be paid to Class members, assuming for purposes of the preliminary determination that every Class member will submit a valid and timely claim;

(b) Within fifteen (15) calendar days of receiving the relevant Settlement Class Member information, Plaintiffs' counsel shall mail a Notice Packet to each potential Settlement Class Member via first class mail. If a Notice Packet is returned as undeliverable with a forwarding address provided by the U.S. Postal Service, Plaintiffs' counsel shall promptly resend the Notice Packet. If a Notice Packet is returned undeliverable and without a forwarding address, Plaintiffs' counsel shall perform at least one skip trace and, if a more recent address is obtained, shall resend a Notice Packet to the Settlement Class Member for whom the new address is obtained;

(c) Plaintiffs' counsel shall also mail a Notice Packet to any Settlement Class Member who contacts the Plaintiffs' counsel and requests a Notice Packet; and

(d) Notice under the Stipulation of Settlement is deemed complete upon the initial mailing of the Settlement Notices as set forth in Paragraph 8(b) of this order.

9. If the Court grants final approval, each member of the Settlement Class who submits a valid and timely Claim Form shall be entitled to receive a proportionate share of the NFV. To be considered timely, a Claim Form must be mailed to the Plaintiffs' counsel and postmarked no later than sixty (60) days from the initial mailing of the Notice Packets. Unless he has excluded himself from the settlement, any Class Member who fails to submit a valid and

timely Claim Form will not receive a share of the Class Payment but will be bound nevertheless by the terms of the Stipulation of Settlement.

10. Members of the Settlement Class shall be entitled to opt out of the Class by submitting a written statement requesting exclusion from the Settlement via regular mail to the Plaintiffs' counsel within thirty (30) days of the initial mailing of the Settlement Notices, as further provided below:

(a) The written request for exclusion must contain the full name, current home or mailing address and last four digits of the Social Security number of the person requesting exclusion, and it must include the statement "I wish to be excluded from the Settlement of the case entitled *Koski, et al. v. Prince Telecom, LLC*, Case No. CV 10-1307 MO." The written request must be signed by the person requesting exclusion; and

(b) The written request for exclusion must be mailed to Plaintiffs' counsel and must be postmarked on or before the deadline set forth in the Class Notice.

11. Any Settlement Class Member may appear at the fairness hearing and show cause, if he or she has any, as to why the terms of the proposed Stipulation of Settlement should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon; provided, however, that no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Stipulation of Settlement or, if approved, the judgment to be entered thereon, unless that person has filed and served a valid and timely written objection. To be valid, the written objection must be signed and must set forth the Settlement Class Member's address, telephone number, and the name of the litigation (*Koski, et al. v. Prince Telecom, LLC*, Case No. CV 10-1307 MO). To be timely, the written objection must be filed with the Court and postmarked to Class Counsel and counsel for Prince Telecom no later than March 21, 2011. To be considered by the Court, the written objection must clearly explain why the Settlement Class Member objects to the proposed Settlement and must state whether the Settlement Class

Member or someone on his or her behalf intends to appear at the fairness hearing. All timely objections shall be considered and ruled upon by the Court at the fairness hearing. Any Settlement Class Member who does not submit a valid and timely objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Stipulation of Settlement, unless otherwise ordered by the Court.

12. All papers in support of final approval of the Stipulation of Settlement shall be filed and served no later than March 11, 2011.

13. At the fairness hearing, the Court shall determine whether the proposed Stipulation of Settlement shall be finally approved.

14. The Court reserves the right to adjourn the date of the fairness hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Stipulation of Settlement.

15. If final approval does not occur, or if the Stipulation of Settlement is terminated or canceled pursuant to its terms, the Parties shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of the Stipulation of Settlement, and the Stipulation of Settlement shall be deemed null and void, shall be of no force or effect whatsoever, and shall not be admitted, referred to or utilized by any Party for any purpose whatsoever.

DONE IN OPEN COURT this 4th day of January, 2011.

_____
HONORABLE MICHAEL MOSMAN
U.S. DISTRICT COURT JUDGE

Presented by:

TERRELL MARSHALL & DAUDT PLLC

By: /s/Toby J. Marshall, *Admitted Pro Hac Vice*
    Jennifer R. Murray, OSB #100389
    Email: jmurray@tmdlegal.com
    Toby J. Marshall, *Admitted Pro Hac Vice*
    Email: tmarshall@tmdlegal.com
    3600 Fremont Avenue North
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 350-3528

    Michael J. Estok, OSB #090748
    Email: mestok@lindsayhart.com
    LINDSAY, HART, NEIL & WEIGLER, LLP
    1300 SW Fifth Avenue, Suite 3400
    Portland, Oregon 97201-5640
    Telephone: (503) 226-7677
    Facsimile: (503) 226-7697

    Matthew J. Zuchetto, *Admitted Pro Hac Vice*
    Email: matthewzuchetto@mac.com
    THE SCOTT LAW GROUP, PS
    926 West Sprague Avenue, Suite 680
    Spokane, Washington 99201
    Telephone: (509) 455-3966
    Facsimile: (509) 455-3906

*Attorneys for Plaintiffs*

Copy Received; Approved as to Form;
Notice of Presentation Waived:

ROBERTS KAPLAN LLP


By:  Carter Mann, OSB #960899
     Carter Mann, OSB #960899
     Email: cmann@robertskaplan.com
     601 SW 2nd Avenue, Suite 1800,
     Portland, Oregon 97204
     Telephone: 503.221.2219
     Facsimile: 800.601.8869

     Stellman Keehnel, *Admitted Pro Hac Vice*
     Email: stellman.keehnel@dlapiper.com
     DLA Piper
     701 Fifth Avenue, Suite 7000
     Seattle, Washington 98104-7044
     Telephone: (206) 839-4888
     Facsimile: (206) 494-1790

     Eric S. Beane, *Admitted Pro Hac Vice*
     Email: eric.beane@dlapiper.com
     DLA PIPER
     1999 Avenue of the Stars, Suite 400
     Los Angeles, California 90067-6023
     Telephone: (310) 595-3005
     Facsimile: (310) 595-3305

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Toby J. Marshall, hereby certify that on December 13, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carter Mann
Email: cmann@robertskaplan.com
ROBERTS KAPLAN LLP
601 SW 2nd Avenue, Suite 1800
Portland, Oregon 97204
Telephone: (503) 221-2219
Facsimile: (800) 601-8869

Stellman Keehnel, *Admitted Pro Hac Vice*
Email: stellman.keehnel@dlapiper.com
DLA Piper
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104-7044
Telephone: (206) 839-4888
Facsimile: (206) 494-1790

Eric S. Beane, *Admitted Pro Hac Vice*
Email: eric.beane@dlapiper.com
DLA PIPER
1999 Avenue of the Stars, Suite 400
Los Angeles, California 90067-6023
Telephone: (310) 595-3005
Facsimile: (310) 595-3305

*Attorneys for Defendant Prince Telcom, LLC*

DATED this 13th day of December, 2010.

TERRELL MARSHALL & DAUDT PLLC

By: /s/Toby J. Marshall, *Admitted Pro Hac Vice*
Toby J. Marshall, *Admitted Pro Hac Vice*
Email: tmarshall@tmdlegal.com
3600 Fremont Avenue North
Seattle, Washington 98103
Telephone: (206) 816-6603

*Attorney for Plaintiffs*