Toby J. Marshall, *Admitted Pro Hac Vice*
Email: tmarshall@tmdwlaw.com
Jennifer R. Murray, OSB #100389
Email: jmurray@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

FILED 18 MAY '11 14:26 USDC-ORP

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
AT PORTLAND

| | |
|---|---|
| TYSON KOSKI, KEVIN RICKEY and JOHN SCHLICHENMAYER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCE TELECOM, LLC, a Delaware limited liability company, f/k/a PRINCE TELECOM, INC.,<br><br>Defendant. | NO. CV 10-1307 MO<br><br>[PROPOSED] ORDER OF FINAL SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE<br><br>CLASS ACTION ALLEGATION |

WHEREAS, on January 4, 2011, this Court entered its Order Preliminarily Approving Settlement, Directing Issuance of Class Notice, and Scheduling Fairness Hearing (Dkt. No. 22) (the "Preliminary Order"); and

WHEREAS, individual notice complying with Rule 23 was sent to the last-known address of each reasonably identifiable member of the Settlement Class, and where follow-up

procedures outlined in the Stipulation of Settlement and approved by the Preliminary Order have been completed; and

WHEREAS after notice was sent to Settlement Class Members the Parties executed an Addendum to the Stipulation of Settlement ("Addendum"), which modified the terms of the Stipulation of Settlement and extended the deadlines for Settlement Class Members to submit claim forms, exclusion requests, or objections; and

WHEREAS in light of the Addendum the Court entered an Order Rescheduling Final Approval Hearing (Dkt. No. 26); and

WHEREAS Plaintiffs sent revised Initial Notice forms to 17 Settlement Class Members who never received the Initial Notice as they were not identified by Defendant until after the Initial Notice was mailed; and

WHEREAS Plaintiffs sent Supplemental Notice to Settlement Class Members who received the Initial Notice so as to inform those individuals of the changes to the settlement and to extend the dates by which those members may submit claim forms, exclusion requests, or objections; and

WHEREAS, a fairness hearing on final approval of the settlement was held before the Court on May 18, 2011; and

WHEREAS, no objections to the settlement were made by any member of the Settlement Class; and

WHEREAS, the Court, being advised, finds that good cause exists for entry of the below Order; now, therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Stipulation of Settlement previously filed with this Court.

2. The Court finds that notice to the Settlement Class has been completed in conformity with the Preliminary Order. The Court finds that this notice was the best notice

practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process.

3. The Court finds it has personal and subject matter jurisdiction over all claims asserted in the Action with respect to all members of the Settlement Class.

4. The settlement of the Action on the terms set forth in the Stipulation of Settlement as modified by the Addendum (hereinafter "Settlement Agreement") is approved as being fair, adequate, and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims. The settling Plaintiffs are properly certified as a class as part of this settlement. The relief provided to the settling Plaintiffs under the Settlement Agreement is appropriate as to the individual members of the settling Plaintiffs and as a whole.

5. The Court approves enhancement awards of $1,000 each to the three Class Representatives for a total of $3,000, which shall come out of the GFV. The enhancement awards are fair and reasonable and will compensate the Class Representatives for their time and effort and the risk they undertook in prosecuting these cases. The enhancement awards shall be paid to the Class Representatives in addition to any shares of the NFV to which the Class Representatives are entitled as Qualified Claimants.

6. The Court approves the payment of fees and costs to Class Counsel as fair and reasonable based on both the "percentage of the fund" method and "lodestar method," which courts use to determine the reasonableness of fees. The Court reaches this conclusion after analyzing the number of hours Class Counsel reasonably expended on the litigation multiplied by counsel's reasonable hourly rates. The Court has also taken into consideration such factors as the difficulty of the issues involved, the requisite legal skill necessary to prosecute the litigation, the preclusion of other employment due to acceptance of the case, the contingent nature of the fee, and the experience and ability of counsel.

7. The settlement is binding on all Settlement Class Members, who are generally defined as all current and former employees of Prince Telecom who have worked as Installation Technicians in the State of Oregon from July 1, 2004 through January 4, 2011 who did not exclude themselves from the settlement in a timely manner.

8. Each member of the Settlement Class who submits a valid and timely Claim Form shall be entitled to receive a proportionate share of the NFV. Any Settlement Class Member who fails to submit a valid and timely Claim Form will not receive a share of the NFV but will be bound nevertheless by the terms of the Settlement Agreement.

9. All Settlement Class Members are bound by the terms of the Settlement Agreement. As of the settlement's Effective Date, all Settlement Class Members shall conclusively be deemed to have irrevocably released, relinquished, and forever discharged all claims against all released individuals as set forth in the Settlement Agreement. The Settlement Agreement provides: Upon final approval by the Court, the Settlement Class, including each Settlement Class Member who has not submitted a timely and valid written request to opt out of the Settlement, will release, to the extent permitted by law, Prince Telecom, LLC, and each of its present and former affiliates, parent companies, subsidiaries, shareholders, officers, partners, directors, members, servants, employees, agents, attorneys, insurers, predecessors, representatives, accountants, past, present, and future, successors and assigns, and each and all of their respective officers, partners, directors, members, servants, agents, shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action contingent or accrued for, or which arise from or are reasonably connected with the factual allegations and claims asserted in the Action including, without limitation, any and all claims for alleged wage and hour violations under Oregon or federal law, including claims under OAR 839-020-0030, ORS 652.610, ORS 652.140, ORS 652.150, ORS

653.261, 29 U.S.C.A. Sections 201-219, claims for restitution and other equitable relief, liquidated damages, punitive damages, penalties under Oregon or federal law of any nature whatsoever, or any other benefit claimed on account of the allegations asserted in the Action arising from July 1, 2004 through the date of preliminary approval of the settlement in this Action.

10. As of the Effective Settlement Date, all Settlement Class Members are forever barred and enjoined from commencing, prosecuting or continuing to prosecute, either directly or indirectly, in this or any other jurisdiction or forum, any of the claims that are released by the Settlement Agreement or barred by the entry of judgment in this action.

11. Neither this Order nor any aspect of the Settlement Agreement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Defendant specifically denies any liability. Each of the Parties to the settlement entered into the Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

12. The Clerk shall enter final judgment dismissing this action on the merits with prejudice and without costs or attorney fees to any party. The claims that are thereby dismissed shall include all claims encompassed by the release set out in the Settlement Agreement.

13. The dismissal of this case is without prejudice to the rights of the parties to enforce the terms of the Settlement Agreement and the rights of Class counsel to seek the payment of fees and costs provided for in the Settlement Agreement. Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court retains jurisdiction over this matter for purposes of resolving any disputes which may arise under the Settlement Agreement.

DONE IN OPEN COURT this \_\_\_18\_\_ day of \_\_May_____, 2011.

_____
HONORABLE MICHAEL MOSMAN
U.S. DISTRICT COURT JUDGE

Presented by:

TERRELL MARSHALL DAUDT & WILLIE PLLC


By: /s/ Toby J. Marshall, *Admitted Pro Hac Vice*
   Email: tmarshall@tmdwlaw.com
   Jennifer R. Murray, OSB #100389
   Email: jmurray@tmdwlaw.com
   936 North 34th Street, Suite 400
   Seattle, Washington 98103
   Telephone: 206.816.6603
   Facsimile: 206.350.3528

   Matthew J. Zuchetto, *Admitted Pro Hac Vice*
   Email: matthewzuchetto@mac.com
   THE SCOTT LAW GROUP, PS
   926 West Sprague Avenue, Suite 680
   Spokane, Washington 99201
   Telephone: 509.455.3966
   Facsimile: 509.455.3906

   Michael J. Estok, OSB #090748
   Email: mestok@lindsayhart.com
   LINDSAY, HART, NEIL & WEIGLER, LLP
   1300 SW Fifth Avenue, Suite 3400
   Portland, Oregon 97201-5640
   Telephone: (503) 226-7677
   Facsimile: (503) 226-7697

*Attorneys for Plaintiffs*

Copy Received; Approved as to Form;
Notice of Presentation Waived:

ROBERTS KAPLAN LLP


By: __Carter Mann, OSB #960899__
    Carter Mann, OSB #960899
    Email: cmann@robertskaplan.com
    601 SW 2nd Avenue, Suite 1800,
    Portland, Oregon 97204
    Telephone: 503.221.2219
    Facsimile: 800.601.8869

    Stellman Keehnel, *Admitted Pro Hac Vice*
    Email: stellman.keehnel@dlapiper.com
    DLA PIPER
    701 Fifth Avenue, Suite 7000
    Seattle, Washington 98104-7044
    Telephone: (206) 839-4888
    Facsimile: (206) 494-1790

    Eric S. Beane, *Admitted Pro Hac Vice*
    Email: eric.beane@dlapiper.com
    DLA PIPER
    1999 Avenue of the Stars, Suite 400
    Los Angeles, California 90067-6023
    Telephone: (310) 595-3005
    Facsimile: (310) 595-3305

*Attorneys for Defendant*